UTAH MFRS' ASS'N v. MABEY et al., Board of Corrections.

No. 4133. Decided May 6, 1924. (226 Pac. 189.)

CONVICTS—PROVISION FOR PRISON GARMENT FACTORY HELD NOT VIOLATIVE OF CONSTITUTIONAL PROVISION AGAINST "CONTRACTING OF CONVICT LABOR." A resolution providing for establishment of a prison garment factory *held* not violative of Const. art. 16, § 3, prohibiting "contracting of convict labor," and the labor of convicts outside prison grounds except on public works, etc.; the phrase "contracting convict labor" having relation to the previous custom of leasing or hiring out of convict labor.[1]

Prohibition proceeding by the Utah Manufacturers' Association against Charles R. Mabey and others, as the Board of Corrections of the State of Utah, to enjoin putting into effect of particular resolution.

ALTERNATIVE WRIT QUASHED, and action dismissed.

*Hamilton Gardner*, of Salt Lake City, for plaintiff.

*Harvey H. Cluff*, Atty. Gen., for defendants.

---

[1] *Price* v. *Mabey*, 62 Utah 196, 218 Pac. 724, distinguished.

GIDEON, J.

Plaintiff in this action seeks the same order against the board of corrections as was sought in the case of *Pollock* v. *Mabey et al.*, 63 Utah ――, 226 Pac. 186, just decided.

The grievance of the plaintiff in this case is based upon the resolution adopted by the board of March 28, 1924, set out in full in the opinion in the *Pollock Case*. In the brief the contention is made that the acts authorized and proposed by the resolution are in contravention of the sections of the statute considered in the *Pollock Case*. The reader is referred to the opinion in that case for the court's views on that contention. The plaintiff further asserts that what is proposed by the resolution is not only violative of the statutes considered in the *Pollock Case*, but is prohibited by the Constitution. It is also insisted that the issues raised by the demurrer here have been determined adverse to defendants by the opinion of the court in *Price* v. *Mabey et al.*, 62 Utah 196, 218 Pac. 724. Section 3 of article 16 of the Constitution is relied on by plaintiff as denying to the board of control of the state prison the right or power to carry into operation the plans outlined by the resolution. That section was considered by this court in *Price* v. *Mabey et al.*, supra. So far as material here it is:

"The Legislature shall prohibit:   *   *   *

"(2)   The contracting of convict labor.

"(3)   The labor of convicts outside prison grounds, except on public works under the direct control of the state."

It affirmatively appears from the resolution (copied in the *Pollock Case*) that any and all work required by the prisoners is to be within the prison grounds and likewise under the control and supervision of state officials. The Constitution does not prohibit the Legislature from providing means by which prisoners can be and should be employed at some labor. It commands or directs the Legislature to prohibit contracting convict labor. Historically, the phrase "contracting convict labor" may be said to have had a well-understood meaning at the date of the adoption of our state Constitution. In the early days of the republic it was the custom of the states

376          SUPREME COURT OF UTAH          [May

Utah Mfrs. Ass'n. v. Mabey et al., 63 Utah 374

to lease or hire to private individuals convict labor and at a later date to lease or hire such labor to individuals or corporations. The cruelty to the prisoners, together with the general abuse of the system, in that the states received little, if any, compensation for the services of the prisoners rendered, had raised such opposition and public criticism that many of the states had, prior to the adoption of the Constitution of this state, prohibited officials from entering into contracts for the labor of prisoners. By none of such legislation or constitutional provisions, however, was the state denied the right to provide means by which prisoners should be employed at labor. In fact, it had become recognized, and was so recognized by all students interested in the reformation of prisoners, that regular labor of some kind was necessary and essential for order within the prison walls as well as for the general benefit of the prisoners themselves. The work proposed by the resolution under consideration does not have any of the elements of "contracting convict labor," as that phrase is and was generally understood by administrative officials or as interpreted by the courts.

We are clearly of the opinion that nothing proposed in the resolution is prohibited by this section of the Constitution. Neither do we think the opinion in *Price* v. *Mabey*, supra, is determinative of the question here presented. The conclusions in that case were based wholly upon the fact that the court was of the opinion that the contract then before the court, and which was proposed to be carried into effect, was violative of this provision of the Constitution, in that it amounted to hiring convict labor to a corporation not under the control or management of the state or its officials. The resolution of March 28th specifically provides that the work proposed is to be done upon the prison grounds and under the direct control of the state.

The demurrer is sustained, the alternative writ of prohibition heretofore issued quashed, and the action dismissed.

THURMAN, FRICK, and CHERRY, JJ., concur.

WEBER, C. J., did not participate.